BANCO TERRITORIAL Y AGRÍCOLA, PLAINTIFF AND APPELLEE, *v.* ROSSY & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2606.—Decided December 22, 1922.

BILL OF EXCHANGE—ACCEPTANCE—PROTEST—CORPORATION—PLEADING.—The complaint in this case was based upon a bill of exchange accepted by a certain person in the name of the defendant, a corporation, without alleging that that person was an officer or duly authorized agent of the corporation. A demurrer was overruled. *Held:* That the court below erred, for no person, natural or artificial, can be bound by the acts of another, unless the authority to act has been given in one of the many ways recognized by the law, and as the complaint contained no allegation to that effect, the demurrer should have been sustained. *Quaere:* Whether the protest of a bill of exchange is necessary in order to bind a person who has accepted it.

The facts are stated in the opinion.

Messrs. *F. Otero Rivera* and *M. F. Rossy* for the appellants.

Mr. *A. A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A demurrer having been presented to a complaint, appellant maintains that the court below erred in overruling the

same. The complaint alleges that a bill of exchange was presented for acceptance to Rossy & Co., a corporation and defendant in the court below, and that the said defendant accepted the bill in the following words: "Accepted September 14, 1920,—(Signed) Rossy & Co., by Wm. Rossy." It is familiar law that a corporation acts primarily through its officers and somewhat subsidiarily by its agents duly authorized. There is no word in the complaint to show that Wm. Rossy was an officer of the defendant company or an agent duly authorized. In answer to this alleged error appellee merely says it was frivolous. We do not see it in that way. No person, natural or artificial, can be bound by the acts of another unless the authority to act has been given in one of the many ways recognized by the law, *e. g.*, direct authorization, estoppel, ratification and so on, and the authority of Wm. Rossy should have appeared in some way. The demurrer was well taken and should have been sustained.

In this case the bill of exchange was protested for nonpayment. Assuming that protest was necessary by virtue of section 504 of the Commercial Code, we are inclined to agree with appellant that a protest made months after the note was due and not paid comes too late. The doubt we have, despite the apparent provisions of section 502 of the Commercial Code, is whether, to bind an acceptor on the bill itself, protest is necessary. The acceptor undertakes as a primary obligation the duty to pay the bill and it would be dubious to us whether in case of an ineffective protest he would be exempted from payment of any part of the bill except the costs of protest.

Without definitely deciding the other error or errors, the judgment must be reversed for error in overruling the demurrer and permission granted to complainant to amend the complaint within ten days, unless the time should be extended by the court below.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.